**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:04CV00743 |
| **PREMPRO PRODUCTS LIABILITY LITIGATION** | : | |
| | : | |
| **DONNA LOUISE SIRUBI, f/k/a Donna Pfeifer and WILLIAM PFEIFER** | : | PLAINTIFFS |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, INC., et. al.** | : | DEFENDANTS |

**ORDER**

Pending is Plaintiffs' Motion to Compel (Doc. No. 24). Wyeth has responded.[1]

Terry Cole, a retired Wyeth sales representative, was deposed on March 4, 2009. Attached to Plaintiffs' Notice of Deposition was a list of "Documents to be Produced at Deposition." According to Plaintiffs, although Mr. Cole did not bring any documents in response to the notice, "Wyeth did produce a large number of documents from Mr. Cole's files . . . but did not identify those documents that had been used to prepare Mr. Cole for his deposition."[2] Plaintiffs now ask that Wyeth be compelled to specifically identify the documents that Wyeth and Mr. Cole reviewed in preparation for the deposition.

Wyeth contends that Plaintiffs are "in possession of every document shown to Mr. Cole . . . [and that] no document was shown to Mr. Cole prior to his deposition which has not already been produced to plaintiffs in the litigation."[3]

---

[1] Doc. No. 25.

[2] Doc. No. 24.

[3] Doc. No. 25.

1

Notably, Plaintiff do not assert that Wyeth and Mr. Cole are withholding documents that may have been reviewed. Rather, Plaintiffs want Wyeth to pinpoint which specific documents it considered important enough to review before the deposition. Plaintiffs have not provided, and I am unable to glean, any compelling reason to require the disclosure.

Plaintiffs also requested the wholesale production of Mr. Cole's personnel file. After Wyeth objected, Plaintiffs narrowed their request to "those materials that document Terry Cole's performance evaluations . . . ."[4] It appears to me that Wyeth has agreed to turn over the documents included in Plaintiffs' narrowed request.

## CONCLUSION

Plaintiffs' Motion to Compel is GRANTED in PART and DENIED in PART. Within two weeks of the date of this Order, Wyeth must give Plaintiffs the relevant portions of Mr. Cole's personnel file. The remainder of the motion, including the request for attorney's fees, is DENIED.

IT IS SO ORDERED this 19th day of May, 2009.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[4]Doc. No. 24.